NAOMI CHUNG (CSBN 283743)
Hickey & Chung, LLP
Pier 9, Suite 100
San Francisco, CA 94111
Telephone: (415) 942-9000
Fax: (415) 484-7054
chung@defender.law

JOANNA SHERIDAN (CSBN 260090)
J.P. Sheridan Law
601 Montgomery Street, Suite 850
San Francisco, CA 94111
Telephone: (415) 347-2700
Fax: (415) 347-2701
joanna@jpsheridanlaw.com

Attorneys for Defendant
DARRELL WAYNE SMITH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DARRELL WAYNE SMITH,<br><br>　　　　Defendant. | CASE NO. 23-CR-0110-YGR<br><br>**DEFENDANT DARRELL WAYNE SMITH'S TRIAL BRIEF REGARDING CONSTRUCTIVE AMENDMENT OF THE SUPERSEDING INDICTMENT** |

## INTRODUCTION

In a virtual conference with the Court on April 1, 2025, the defense requested that the Court modify the jury instructions for Counts 1-15, to mirror the level of charging specificity in the superseding indictment. The grand jury in this case indicted Darrell Smith for specific acts, involving

the touching or penetration of specified body parts of named victims. The defense request is for jury instructions that include the alleged body part for each charge using the language of the Superseding Indictment.

The government objects, apparently because witness Shayla testified in a manner that does not align with the facts charged in Counts 2 and 4. Their proposal is that the jury instruction for abusive sexual contact in Counts 2 and 4 omit the specific body part alleged in the superseding indictment to instead generally refer the jury to a list of body parts that *could* violate 18 U.S.C. § 2244(a)(4) – i.e., genitalia, anus, groin, breast, inner thigh, or buttocks.

The Court requested briefing from the parties on whether the Ninth Circuit requires the government to prove which body part was touched for a violation of § 2244(a)(4).

On the grounds set forth below and any further authorities or arguments presented at the hearing on this matter, the defense responds that (1) the Ninth Circuit requires the government to prove which body part was touched in order to meet their burden to prove "sexual contact" [1] and (2) the Court's failure to include the specific body part charged by the grand jury for each count will result in a constructive amendment of the Superseding Indictment in violation of the Fifth Amendment.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   18 U.S.C. §2244(a)(4) requires the government to prove that the defendant touched one or more of the enumerated body parts of the victim.**

The first of three elements set forth in the Ninth Circuit Model jury instructions for a violation of 18 U.S.C. §2244(a)(4) is that "the defendant knowingly engaged in sexual contact with [victim]. "Sexual contact" is in turn defined in 18 U.S.C. § 2246(3) as the "intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks". From the plain language of the statues, the government bears the burden to prove that the defendant knowingly and intentionally touched at least one of the enumerated body parts to secure a conviction for abusive sexual contact.

---

[1] The defense focuses this briefing on the abusive sexual contact charges in violation of 18 U.S.C. § 2244(a)(4) in response to the government's arguments at the virtual hearing. These arguments are equally applicable to the remaining counts in the superseding indictment, as all 15 are alleged with the same degree of specificity.

When the government elicits evidence of both charged and uncharged alleged sexual contacts by the defendant, the court must instruct the jury using the language of the indictment to ensure that the defendant is convicted only of the charged conduct. *United States v. Ward*, 747 F.3d 1184, 1189 (9th Cir. 2014). In *Ward*, the Ninth Circuit explained:

> [W]hen conduct necessary to satisfy an element of the offense is charged in the indictment and the government's proof at trial includes uncharged conduct that would satisfy the same element, we need some way of assuring that the jury convicted the defendant based solely on the conduct actually charged in the indictment. Typically, that assurance will be provided by jury instructions requiring the jury to find the conduct charged in the indictment before it may convict. If the jury instructions do not impose that limitation, however, the defendant's conviction could be based on conduct *not* charged in the indictment. That possibility results in a constructive amendment of the indictment, requiring reversal, because it "destroy[s] the defendant's substantial right to be tried only on charges presented in an indictment.

(Citations omitted).

The issue identified in *Ward* appears in this case. The government alleged six counts involving Shayla occurring on five occasions, but elicited testimony on direct examination of other times that the defendant allegedly touched her:

> Q: APPROXIMATELY HOW MANY TIMES DID THE DEFENDANT TOUCH YOU WHILE YOU WERE AT FCI DUBLIN?
>
> A. LIKE EIGHT OR MORE TIMES.
>
> Q. IS IT HARD TO REMEMBER?
>
> A. YES.
>
> Q. WHY?
>
> A. BECAUSE IT HAPPENED A LOT.

RT 162:3-9.

*******

> Q. DID HE EVER TOUCH YOU ANY OTHER PLACE ON YOUR BODY INSIDE THAT CELL?
>
> A. YES.
>
> Q. WHAT HAPPENED THAT TIME?

    A.  HE WOULD COME IN AND HE WOULD PUT HIS HAND DOWN MY PANTS UNDER MY UNDERWEAR AND TOUCH MY BUTT.

RT 175:8-14.

    Shayla's testimony that Mr. Smith touched her on more occasions than charged in the Superseding Indictment is exactly the scenario of concern described in *Ward*. The Superseding Indictment charges four sexual contacts with Shayla (Counts 1-4) but she describes being touched at least 8 times by Smith. Additionally, Shayla described being touched on her butt under her pants at an unspecified time. Given this record, the jury must understand what is exactly being alleged, so that they can evaluate the evidence to determine whether it supports the charged crimes. The jury may not be invited to use uncharged evidence to fill the holes left in Shayla's testimony. *Ward,* 747 F.3d at 1189.

**II.  Failure to instruct the jury that a specific body part is alleged in each count will result in a constructive amendment of the Superseding Indictment.**

    **A.  Legal Authorities**

    "The Fifth Amendment's Grand Jury Clause endows defendants who are charged with felonies with a substantial right to be tried only on the charges set forth in an indictment by a grand jury." *United States v. Shipsey*, 190 F.3d 1081, 1086 (9th Cir. 1999) (citing, *e.g.*, *Stirone v. United States*, 361 U.S. 212, 215 (1960)). "It is the exclusive prerogative of the grand jury finally to determine the charges, and once it has done so neither a prosecutor nor a judge can change the charging part of an indictment to suit [his or her] own notions of what it ought to have been, or what the grand jury would probably have made it if their attention had been called to suggested changes." *United States v. Ward*, 747 F.3d 1184, 1189 (9th Cir. 2014) (quotation omitted).

    Indeed, "[a]fter an indictment has been returned and criminal proceedings are underway, the indictment's charges may not be broadened by amendment, either literal or constructive, except by the grand jury itself." *United States v. Adamson*, 291 F.3d 606, 614 (9th Cir. 2002); *United States v. Pazsint*, 703 F.2d 420, 423 (9th Cir.1983). A constructive amendment occurs "when the charging terms of the indictment are altered, either literally or in effect, by the prosecutor or a court after the grand jury has last passed upon them." *Id.* (quoting *United States v. Van Stoll*, 726 F.2d 584, 586 (9th Cir. 1984)). "A variance, on the other hand, 'occurs when . . . the evidence at trial proves facts materially different from

those alleged in the indictment.'" *Id.* (quoting *Von Stoll*). Although the "line between a constructive amendment and a variance is at times difficult to draw," that line is significant because a "constructive amendment always requires reversal," whereas "a variance requires reversal only if it prejudices a defendant's substantial rights." *Id.* at 615 (internal quotation omitted).

An indictment can be constructively amended by the trial court's jury instructions. *Shipsey*, 190 F.3d at 1086; *United States v. Pazsint*, 703 F.2d 420, 423 (9th Cir. 1983). Indeed, the Fifth Amendment is violated when a jury instruction alters the elements of the charged offense or allows conviction based on a different theory of criminal liability than that charged. *Id.*

In *Stirone*, the grand jury indicted defendant under the Hobbs Act for interfering with interstate importation of sand. Over the defendant's objection, the court admitted evidence about interference with both sand and the future production of steel. The Court instructed that either the sand or steel evidence could qualify for the interstate commerce element of the criminal offense. The Supreme Court reversed Stirone's conviction, explaining that "neither this nor any other court can know that the grand jury would have been willing to charge that Stirone's conduct would interfere with interstate exportation of steel from a mill later to be built with Rider's concrete. And it cannot be said with certainty that with a new basis for conviction added, Stirone was convicted solely on the charge made in the indictment the grand jury returned.  Although the trial court did not permit a formal amendment of the indictment, the effect of what it did was the same." 361 U.S. at 217.

In *Pazsint*, the Ninth Circuit reversed a conviction for assault on a federal officer due to constructive amendment. 703 F.2d at 421-22. The indictment charged Pazsint with violating 18 U.S.C. § 111. *Id.* at 422. Although § 111 criminalized "'whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with'" a federal officer, the grand jury returned an indictment charging Pazsint only with forcibly "impeding, intimidating, and interfering" with an IRS officer. *Id.* at 423 (quoting 18 U.S.C. § 111(a)(1)). At trial, however, the jury was instructed in the crime of "forcible assault" and returned a verdict of guilty on that charge. *Id.* at 422. The Ninth Circuit reversed because defendant was convicted of a different crime than that charged, even though the caption for the sole count in the indictment stated "assault," and the body of the indictment cited § 111. *See id.* at 423.

As *Pazsint* explained, even if the charged statute contains multiple theories of criminal liability, a

defendant may only be tried for those *actually alleged* in the indictment: "Nor does the fact that it is stated in the indictment that Pazsint violated 18 U.S.C. § 111 imply that he is charged with *all the unlawful acts listed in that statute*, as the statutory citation is not regarded as part of the indictment." *Id.* (Italics added; citation omitted). Since the jury instruction constructively amended the indictment with respect to an element under § 111 – the *actus reus* of assault – the Ninth Circuit reversed, stating "Pazsint was clearly convicted of an offense with which he was not charged in the indictment." *Id.* at 423-24.

Similarly, the Ninth Circuit reversed a theft conviction in *Shipsey* because the jury instruction at issue permitted the defendant to be convicted "by any theory encompassed by the statute" instead of requiring the government to prove "the theory of theft" actually alleged in the indictment. *Shipsey*, 190 F.3d at 1085, 1087. The defendant in *Shipsey* was charged with, *inter alia*, theft from a pension plan in violation of 18 U.S.C. § 664. *Shipsey*, 190 F.3d at 1083. Although § 664 broadly imposed liability on any person "who embezzles, steals, or unlawfully and willfully abstracts or converts to his own use" money or property in an ERISA plan, *id.* at 1085, the indictment in *Shipsey* alleged that defendant executed his theft by making false representations. *Id.* at 1084-85. Notwithstanding the alleged false-representations theory of theft, the court instructed the jury that it could convict if defendant obtained pension fund money by "some wrongful or dishonest act or taking." *Id.* at 1085; *id.* at 1086 ("Here, the indictment alleged that Shipsey executed his crime by false pretenses, but the district court's jury instructions permitted the jury to convict Shipsey if he obtained the pension fund money by a 'wrongful act' or if Shipsey converted the money.").

Defendant moved for a new trial based on the jury instruction, a motion the court denied, holding "that, even though the theft counts . . . specifically alleged that the unauthorized distributions resulted from Shipsey's false pretenses, the government could prove theft by any theory encompassed by the statute." *Id.* at 1085. Following *Pazsint,* this Court reversed and held that the jury instruction was plain error because it constructively amended the indictment. *Id.* at 1086-87. While recognizing that § 664 permitted a conviction under various theories of theft, *Shipsey* reaffirmed that the Fifth Amendment only allows a defendant to be convicted of the particular theory of criminal liability charged by the grand jury:

> [j]ust as the district court in *Pazsint* was precluded from instructing the petit jury on the assault theory, which the grand jury had not included in indictment, the district court here was precluded from charging the petit jury on the theory of theft by unauthorized taking accomplished by specific intent, which the grand jury had not included in the indictment."
> *Id.* at 1087.

(citations omitted).

A failure to conform the jury instructions to the allegations in the Superseding Indictment will be reversable error. *United States v. Bhagat*, 436 F.3d 1140, 1145 (9th Cir. 2006) ("A constructive amendment mandates *per se* reversal . . . .").

### B. Application of the law to Mr. Smith's trial

In this case, defendant Smith was indicted by a grand jury for seven counts of abusive sexual contact in violation of § 2244(a)(4). These are Counts 1-4, 10, 12 and 14 of the Superseding Indictment. In each of these counts, the grand jury elected to charge Smith with touching a specific body part (or parts) of the victim.

Taking the example raised by the government of witness Shayla, the Superseding Indictment alleges the following in relevant part:

> <u>Count 2</u>: "Darrell Wayne Smith … knowingly engaged in sexual contact with [Shayla], … when he touched [Shayla]'s **buttocks** while they were in [Shayla]'s cell at FCI Dublin, in violation of 18 U.S.C. § 2244(a)(4).
>
> …..
>
> <u>Count 4</u>: "Darrell Wayne Smith … knowingly engaged in sexual contact with [Shayla], … when he touched [Shayla]'s **groin** while they were in [Shayla]'s cell at FCI Dublin, in violation of 18 U.S.C. § 2244(a)(4).

However, Shayla's direct examination did not track the grand jury's charges:

> **Testimony for the time frame alleged in Count 2:**
>
> Q: WHAT HAPPENED WHEN THE DEFENDANT WAS INSIDE YOUR CELL?
>
> A. HE -- HE TOUCHED MY **VAGINA** OVER MY, MY SHORTS.
>
> Q. HOW DID THAT HAPPEN?
>
> A.  HE JUST CAME IN MY CELL AND TOUCHED ME.
>
>    AND I PUSHED HIM BACK. I WAS TRYING TO PUSH HIM OUT OF MY CELL

1    AND HE GRABBED MY HAND AND HE PLACED IT ON HIS PENIS.

2 RT 174:21-25 to 175:1.

3    …..

4    **Testimony from time frame alleged for Count 4:**

5    Q: WHERE SPECIFICALLY DID HE TOUCH YOU?

6    A. **MY BUTT**.

7    Q. WHERE ON YOUR BUTT

8 RT 181.

9 >>>>

10    A. HE JUST PUT HIS HAND DOWN MY PANTS REALLY FAST IN BETWEEN

11    (INDICATING).

12    Q. IN BETWEEN WHAT?

13    A. LIKE, IN THE MIDDLE.

14    Q. IN THE MIDDLE OF WHAT?

15    A. **IN THE MIDDLE OF MY BACK, MY BUTT**.

16 RT 182:5-11.

17    Given the specificity of the grand jury's charges, Ninth Circuit precedent will not allow the Court
18 to instruct the jury that Smith can be found guilty if the evidence shows that he touched a different body
19 part than what has been charged. *Pazsint*, 703 F.2d at 423; *Shipsey*, 190 F.3d at 1087. Shayla's testimony
20 is inconsistent with the charges in a manner that cannot be described as minor or trivial. The Court should
21 reject the government's invitation to cure this defect by instructing the jury that the government has met
22 its burden if it proves that Smith touched Shayla on any of the following: genitalia, anus, groin, breast,
23 inner thigh, or buttocks. Doing so would expand the government's theory of liability from what the grand
24 jury charged and constitute reversable error.

25    Moreover, as referenced in section I above, the government elicited uncharged acts from Shayla that
26 could form the basis of the jury's determination of guilt if the Court does not provide the jury with a means
27 to distinguish the charged from uncharged conduct. To promote a fair trial and prevent a constructive
28 amendment of the Superseding Indictment, the Court should revise the jury instructions to clarify what,

exactly, the grand jury has charged in this case.

## CONCLUSION

For the reasons set forth above and at the hearing on this issue before the Court, Mr. Smith moves for appropriate modifications to be made to the jury instructions for Counts 1-15.

DATED: 4/2/2025                                         Respectfully submitted,

                                                        /s/
                                                        NAOMI CHUNG
                                                        JOANNA P. SHERIDAN
                                                        Attorneys for DARRELL SMITH